**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**JUL 19 2002**

Charles R. Fulbruge
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 02-30196
Summary Calendar

———————————————

TOMMY A. SALLEY,

Plaintiff - Appellant,

v.

JOHNSON CONTROLS, INC.,

Defendant - Appellee.

———————————————

Appeal from the United States District Court for the
Western District of Louisiana, Shreveport Division
USDC No. 00-CV-1343

———————————————

Before JOLLY, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tommy A. Salley, the plaintiff-appellant ("Salley") filed a "reverse discrimination" claim

against his former employer, Johnson Controls, Inc. ("Johnson"). Salley alleges that Johnson fired

him from his position as a salesman because of his gender, in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981(a), 42 U.S.C. § 1983, and

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana Revised Statutes Annotated §§ 51:2264 and 23:332.3. For the reasons that follow, we AFFIRM.

I

Johnson hired Salley, a white male, as an at-will salesperson in Johnson's Gulf South Area[1] on August 11, 1996. Salley started as a Level II salesperson with a higher base compensation package and higher budgeted goals than a Level I salesperson because he had twelve years' prior experience in sales and a college degree. Salley sold mainly to school districts in northern Louisiana. Johnson provides energy efficiency and climate control systems to schools and businesses in the United States. At the relevant times, Johnson had approximately thirty-three sales people in its Gulf South area, of whom six, on average, were women. After Johnson fired Salley, it hired thirty-three salespeople in the Gulf South area, of whom twenty-seven were male.

The sales goal set for Salley for his first fiscal year with the company, FY 1997, was $1,000,000.[2] Salley only sold approximately $292,000 in goods and services during that time. For FY 1998, Johnson's sales goal was $1,750,000. As of his termination on August 13, 1998, Johnson only had $31,800 in sales for FY 1998. Salley's supervisor, Jeff Feilden, warned Salley in February and April of 1998 that his sales performance was unsatisfactory.

Salley points to four female salespeople in the Gulf South area whom he alleges also did not reach their sales targets, but were not fired and were given opportunities to perform better. These women were Lisa Loupe ("Loupe"), Melanie Cranford ("Cranford"), Lisa Roy ("Roy"), and Marla

---

[1]This area covers Louisiana, Arkansas, Mississippi, western Tennessee, southern Alabama, and the Florida Panhandle.

[2]Johnson's fiscal years ran from October 1 of one year to September 30 of the following year. Fiscal year 1997 ran from October 1, 1996 through September 30, 1997.

2

Jefferson ("Jefferson").  Loupe averaged $6,008,500 in sales, Roy averaged $653,050 in sales and Cranford averaged $1,853,150 in sales in these years. Jefferson did not begin working in the education market until May 15, 1998, but her sales for fiscal years 1999-2001 averaged $2,440,700 per year.  Salley's average was $165,080 per year.  Further, Cranford, Roy and Jefferson were Level I salespeople with less experience, while Salley was a Level II salesperson.  Johnson fired Salley on August 13, 1998 for insufficient sales activity resulting in unsatisfactory sales production.

## II

We review the district court's grant of summary judgment *de novo*.  Terrebonne Parish School Bd. v. Columbia Gulf Transmission Co., 290 F.3d 303, 310 (5th Cir. 2002).  Summary judgment is appropriate if there is "no genuine issue as to any material fact, and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Salley has admitted that he does not have any direct evidence of discrimination in this case. He therefore must proceed on the basis of circumstantial evidence, under the burden-shifting framework established in McDonnell-Douglas Corp. v Green, 411 U.S. 792 (1973).  Salley has not established a prima facie case of discrimination under McDonnell-Douglas, as his sales performance demonstrates that he was not otherwise qualified for the job.  His sales for FY 1997 and 1998 were far below the stated goals set for him,[3] and he was twice warned about his performance.  He failed to improve.  Further, the affidavits from his co-workers demonstrate that he was not motivated, did not put forth much effort to obtain sales contracts, took credit for the efforts of his co-workers, and failed to make adequate sales calls.  Although Salley argues that these affidavits are "self-serving," he has not taken any depositions or put forth any evidence to controvert these affidavits.

---

[3]Salley has not alleged that the goals themselves were set in a discriminatory manner.

Further, the female salespeople to whom Salley points were not similarly situated. Cranford, Jefferson, and Roy were Level I salespeople with relatively less sales experience, and therefore were not expected to perform to the same level as Salley and/or to increase their sales as quickly. Nevertheless, they all out-performed Salley. Although Loupe was a Level II salesperson, her average sales for 1997 and 1998 were more than thirty-six times Salley's average sales.

Even if it could be said that Salley made out a prima facie case, Johnson offered a legitimate, non-discriminatory reason for Salley's termination that Salley has not rebutted. Salley clearly was under-performing, and showed little motivation to improve. We will defer to an employer's stated reason for terminating an employee, as long as that reason is not discriminatory. See Garcia v. Gloor, 618 F.2d 264, 271 (5th Cir. 1980) (judges do not have the power to preempt an employer's business judgment) (citing Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978)).[4]

V

In sum, the undisputed facts show that Salley did not make out a prima facie case of discrimination, and that Johnson had a legitimate, non-discriminatory, un-rebutted reason for firing Salley, namely Salley's poor sales performance. The district court was correct to grant summary judgment to Johnson on Salley's employment discrimination claims. Accordingly, the judgment of the district court is

AFFIRMED.

---

[4]The district court also held that Salley's state-law claims were time-barred. See Salley v. Johnson Controls, Inc., No. 00-CV-1343 at 7-8 (W.D. La., Shreveport Div., Nov. 27, 2001). Salley has not raised this issue on appeal, and he conceded in his Plaintiff's Opposition to Motion for Summary Judgment, filed with the district court on October 15, 2001, that these claims are time-barred. See id. at 7. Therefore we do not address this issue on appeal.